UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STANDARD MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:10 CV 251<br>) |
| DIXIE L. BARKLEY; MARK BARKLEY; and BRIAN D. BARKLEY, | )<br>)<br>) |
| Defendants. | )<br>) |
| DIXIE L. BARKLEY; MARK BARKLEY; and BRIAN D. BARKLEY, | )<br>)<br>) |
| Defendants/Third-Party Plaintiffs, | )<br>)<br>) |
| v. | )<br>) |
| THOMAS A. STARKS d/b/a STARKS FAMILY INSURANCE | )<br>)<br>) |
| Third-Party Defendant. | ) |

## OPINION and ORDER

Defendants/third-party plaintiffs Dixie Barkley, Mark Barkley, and Brian Barkley ("the Barkleys") have moved for summary judgment against third-party defendant Thomas Starks d/b/a Starks Family Insurance. (DE # 28.) For the following reasons, that motion is denied.

I.   BACKGROUND

Plaintiff Standard Mutual Insurance Company ("Standard Mutual") originally filed a complaint against the Barkleys seeking rescission of an insurance policy between

Standard Mutual and the Barkleys. (DE # 1.) In response, the Barkleys filed a third-party complaint against Thomas Starks d/b/a Starks Family Insurance ("Starks"). (DE # 7.)[1] Starks was served with the complaint and summons by certified mail on September 16, 2010. (DE ## 11, 12.) Starks did not appear or file an answer and the Barkleys eventually moved for an entry of default. (DE # 12.) On October 14, 2010, the clerk entered a default against Starks under FED. R. CIV. P. 55(a). (DE # 14.)[2]

On March 1, 2011, several months after the clerk entered a default against Starks, the Barkleys served Starks with a set of Requests for Admission ("RFA"). (DE # 28 at 4-5.) Starks did not respond within the thirty days allowed under FED. R. CIV. P. 36(3). (*Id.*) On June 7, 2011, the Barkleys moved for summary judgment against Starks using the unanswered RFA as the basis for the motion. (DE ## 28, 29.)

In their brief in support of their motion for summary judgment, the Barkleys argue that because Starks never responded to the RFA, the facts in the RFA are deemed admitted. (DE # 29 at 4-5.) The Barkleys also argue that those facts address all of the elements of their claim against Starks, and therefore, the Barkleys are entitled to summary judgment. (*Id.* at 5-6.)

---

[1] Standard Mutual and the Barkleys have since filed a stipulation to dismiss the case against the Barkleys. (DE # 33.)

[2] As of the date of this order, Starks has yet to appear or file any documents with the court.

## II. LEGAL STANDARD

FEDERAL RULE OF CIVIL PROCEDURE 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met; it may discharge this responsibility by showing that there is an absence of evidence to support the non-moving party's case. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010) (citing *Celotex,* 477 U.S. at 323). To overcome a motion for summary judgment, the non-moving party must come forward with specific facts demonstrating that there is a genuine issue for trial. *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The existence of a mere scintilla of evidence, however, is insufficient to fulfill this requirement. *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986)). The nonmoving party must show that there is evidence upon which a jury reasonably could find for him. *Id.*

## III. DISCUSSION

As the Barkleys correctly state in their brief in support of their motion for summary judgment (DE # 29 at 4), if a party does not respond to an RFA within 30 days after being served, the matter is deemed admitted. FED. R. CIV. P. 36(a)(3); *see also McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003). However, the Barkleys have failed to address a major issue in the procedural history of their suit against Starks: the clerk entered a default against Starks on October 14, 2010. (DE # 14.) Therefore, the analysis of the Barkley's motion for summary judgment must begin with a discussion of the default judgment procedure under RULE 55.

The process of obtaining a default judgment requires two steps. The first step is set out by RULE 55(a): "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After the clerk has entered a default against a party, the process moves to step 2 under RULE 55(b), where, after the moving party seeks entry of a default judgment, and depending on the circumstances, either the clerk or the court can enter a default judgment against the defaulted party. FED. R. CIV. P. 55(b).

The impact of a clerk's entry of default on discovery proceedings has been analyzed by several courts. For example, in *Blazek v. Capital Recovery Associates, Inc.*, the defendant did not answer or otherwise appear, and the clerk entered a default against it. 222 F.R.D. 360, 360 (E.D. Wis. 2004). After the clerk's entry of default, the plaintiff moved to compel discovery of the defendant. *Id.* In considering the appropriate discovery devices that could be utilized when taking discovery of the defaulted

4

defendant, the court ultimately concluded that once the clerk enters default, a defaulted defendant should be treated as a non-party for purposes of discovery. *Id.* at 361. The court stated:

> Under the federal rules, a defaulting defendant loses many of the rights of a party, such as the right to receive notice of future proceedings (except when the defendant has appeared in the action), the right to present evidence on issues other than unliquidated damages, and the right to contest the factual allegations in the complaint. . . . Thus, by defaulting, a defendant can reasonably be regarded as having given up most of the benefits that status as a party confers. A defendant may [choose] to default for any number of reasons including, for example, cost . . . or, as plaintiff in the present case points out, for reasons of strategy. However, once a defendant has made the decision to default and become, as it were, a non-party, it would not seem fair to force such defendant to participate in an action to a greater degree than could be required of other non-parties.

*Id.* The majority of the cases that the court was able to find on this issue have reached the same conclusion as the *Blazek* court. *See, e.g.*, *Jules Jordan Video, Inc. v. 144942 Can. Inc.*, 617 F.3d 1146, 1158-59 (9th Cir. 2010); *Cartier v. Geneve Collections, Inc.*, No. CV 2007-0201(DLI)(MDG), 2008 WL 552855, at *1 (E.D.N.Y. Feb. 27, 2008); *Hill Design, Inc. v. Hodgdon*, No. Civ. 03-CV-074-SM, 2006 WL 1134918, at *1 (D. N.H. Apr. 26, 2006). *But see Minx, Inc. v. West*, No. 2:11–CV–00895–BSJ, 2011 WL 5844486, at *2 (D. Utah Nov. 21, 2011).

The court agrees with the *Blazek* court and concludes that for the purposes of discovery, a defendant who has defaulted under RULE 55(a) should be treated as a non-party. Therefore, once the clerk entered a default against Starks on October 14, 2010, Starks became a non-party for purposes of discovery.

The FEDERAL RULES OF CIVIL PROCEDURE distinguish between parties and non-parties for certain discovery devices. The rule at issue in this case, FED. R. CIV. P. 36, is

5

one of the discovery devices that can only be used against parties. RULE 36(a)(1) states: "A party may serve on *any other party* a written request to admit . . . ." FED. R. CIV. P. 36(a)(1) (emphasis added.) As the Ninth Circuit stated in *Jules Jordan Video*: "A defaulted defendant cannot answer the complaint unless and until the default is vacated. It stands to reason that if a defaulted defendant cannot answer allegations of the complaint, it also cannot respond to requests for admissions, at least until the default is vacated." 617 F.3d at 1159.

The Barkleys served Starks with the RFA on March 11, 2011 (DE # 28 at 5), several months after the clerk entered a default against Starks on October 14, 2010 (DE # 14). After the clerk entered a default against Starks, he was a non-party for purposes of discovery. Therefore, the facts listed in the Barkleys' RFA are not deemed admitted. Because the facts from the Barkleys' RFA are not deemed admitted, and because the Barkleys rely almost exclusively[3] on those facts in their motion for summary judgment, the Barkleys have not met their initial burden under RULE 56 and their motion for summary judgment is **DENIED**.

**SO ORDERED.**

Date: April 4, 2012

     s/ James T. Moody
     JUDGE JAMES T. MOODY
     UNITED STATES DISTRICT COURT

---

[3] The Barkleys also attached an affidavit from their attorney to their motion for summary judgment. (DE # 28 at 4.) That affidavit explained the process the Barkleys followed in serving the RFA on Starks. (*Id.*)